Charles H. FENTON, Plaintiff-Appellant,

v.

A/S GLITTRE, Defendant-Appellee,

and

Fearnley and Eger and Barber Line,
Defendants.

A/S GLITTRE, Defendant and Third-Party Plaintiff-Appellee-Appellant,

v.

ATLANTIC STEVEDORING COMPANY, Inc. and Golton Marine Co., Inc., Third-Party Defendants-Appellees.

No. 254, Docket 29550.

United States Court of Appeals
Second Circuit.

Argued Dec. 9, 1966.

Decided Dec. 13, 1966.

Jacob Rassner, New York City (Alan C. Rassner, New York City, on the brief), for plaintiff-appellant.

J. Ward O'Neill, New York City (Haight, Gardner, Poor & Havens, Thomas F. Molanphy, New York City, on the brief), for defendant and third-party plaintiff-appellee-appellant.

Joseph Arthur Cohen, New York City (Alexander, Ash & Schwartz, Sidney A. Schwartz, New York City, on the brief), for third-party defendant-appellee, Golton Marine Co., Inc.

Before LUMBARD, Chief Judge, and HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

Plaintiff longshoreman appeals from a judgment for defendant shipowner entered in the United States District Court for the Eastern District of New York after a non-jury trial. In the trial court, plaintiff apparently argued that the ship was unseaworthy (and the shipowner negligent) because of an encumbered deck which proximately caused his injury. The trier of fact found against plaintiff on these issues and also found that the sole cause of the accident was plaintiff's own negligence and that of a fellow employee operating a crane.

Plaintiff argues here that these findings must be reversed but we see no reason to disturb them. Plaintiff also claims in this court that the condition of a draft of cargo made the ship unseaworthy as a matter of law and that this caused his injury. The record indicates that these contentions were not pressed at trial;[1] in any event, holding the ship unseaworthy on this theory as a matter of law is unjustified on this record. Accordingly, the judgment for defendant shipowner dismissing plaintiff's complaint is affirmed. The shipowner's "protective" appeal against third-party defendant Golton Marine Co., Inc. was withdrawn in open court.

1. E. g., appellant's appendix, pp. 175a, 207a.